UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | No. 14 C 310<br>Judge James B. Zagel |
| CALVIN A. TOWNSEND. | |

## MEMORANDUM OPINION AND ORDER

Petitioner Calvin A. Townsend seeks to vacate, set aside, or correct his 118 month sentence, imposed by this Court in Case No. 08 CR 453, pursuant to 28 U.S.C. § 2255. In a voluminous petition exceeding two hundred pages, Townsend raises a number of issues which he argues led to his improper conviction and is the basis for vacating his sentence, including ineffective assistance of counsel, exclusion of exculpatory evidence, and conspiracy by his attorneys, prosecutors, and me (the trial judge) to devise and execute a scheme to obstruct justice. Townsend contends that his rights were violated under several laws, including the 5th, 7th, 13th, and 14th Amendments to the Constitution, the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, 1986, and 1988, Title 28, and Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 96, *et seq*. For the following reasons, Petitioner Townsend's motion is denied.

**I.    Procedural History**

On June 3, 2008, a federal grand jury returned a twenty-six count indictment charging Calvin Townsend and twenty co-defendants with participation in a mortgage fraud scheme headed by ringleader Bobbie Brown. Townsend, a licensed realtor and owner of Custom Home Service Corporation, was charged with bank fraud in Counts 15, 16, and 17, in violation of 18 U.S.C. § 1344, and with mail fraud in Count 23, in violation of 18 U.S.C. § 1341. Townsend, represented by Leonard Goodman and Molly Armour, pled not guilty and proceeded to a jury

1

trial on June 20, 2011 in Case No. 08 CR 453-7. Townsend, along with five co-defendants, was tried before a jury on June 20, 2011. On July 8, 2011, the jury found Townsend guilty on all counts.

On June 11, 2012, Petitioner, through his counsel, filed motions for judgment of acquittal and for a new trial; these motions were fully briefed and denied by this Court on October 23, 2012. Townsend was sentenced to 118 months' imprisonment on July 15, 2013. Townsend's counsel filed a motion to reconsider the sentence on July 29, 2013, which this Court denied on September 24, 2013. Townsend, again through counsel, filed a notice of appeal on October 3, 2013. On October 25, 2013, Goodman moved to withdraw as counsel on the appeal for Townsend. Attorney Kent Carlson was then appointed to represent Townsend on his appeal. Townsend subsequently moved to waive his right to counsel and appear *pro se*, which the Seventh Circuit granted. Townsend then moved to dismiss the appeal on July 11, 2014; the Seventh Circuit granted Townsend's motion on July 31, 2014 and the case was dismissed.

On January 16, 2014, Townsend filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. Townsend broadly claims that he received ineffective assistance of counsel, as well as that the prosecutors and I conspired to devise and execute a scheme to commit obstruction of justice to obtain a wrongful conviction. Townsend further argues that, to that end, I improperly refused to admit evidence regarding the misconduct of adverse parties (i.e., the overall financial system), made errors with regard to jury instructions, and accepted inaccurate loss calculations in awarding damages and calculating his sentence. Townsend additionally claims that the prosecutors and I conspired to sabotage the appellate process with the assistance of his defense attorneys. While I believe Townsend's claims, excepting his claim for ineffective assistance of counsel, to be procedurally defaulted, I recuse myself from claims that I, myself,

have engaged in conspiracy to obstruct justice and consider the remaining claims against the prosecutors and Townsend's attorneys.

**II.     Analysis**

Under 28 U.S.C. § 2255, a prisoner in custody may move the Court to vacate, set aside, or correct a sentence on grounds that it was imposed in violation of the Constitution or the laws of the United States. Section 2255, however, is an "extraordinary remedy" to be used only in correcting errors of "constitutional magnitude." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007); *Panici v. United States*, No. CIV. 97 C 0479, 1997 WL 566364, at *1 (N.D. Ill. Sept. 5, 1997) (citing *Guinan v. United States,* 6 F.3d 468, 470 (7th Cir.1993)). Townsend's claims can be roughly categorized into two categories: (1) claims related to government conduct and (2) claims related to attorney conduct. I will discuss each in turn.

  A.  Claims related to government conduct

Townsend claims that prosecutors suppressed exculpatory evidence favorable to Townsend in violation of his right to due process and *Brady v. Maryland*, 373 U.S. 87 (1963), as well as fabricated and tampered with evidence to obstruct justice. Specifically, Townsend argues that the government fabricated, altered, and/or withheld records pertaining to profits and losses, a document entitled, "Transfer of the property or a beneficial interest in borrower," an installment sales contract, an affidavit regarding the occupancy and financial service of property, prepayment penalty disclosures, and a quit claim deed, amongst other documents.

Townsend chose not to raise any of these claims on direct appeal, but under § 2255. So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal. *Sunal v. Large*, 332 U.S. 174, 178, 67 S. Ct. 1588, 1590, 91 L. Ed. 1982 (1947). Unless a petitioner that fails to take a direct appeal

3

can demonstrate (1) that he is "actually innocent," or (2) that there is "cause" and actual prejudice, he has generally procedurally defaulted the argument that he appears to later raise in a § 2255 proceeding. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

Townsend fails to demonstrate that any of the documents listed in his petition were suppressed, altered, or fabricated, or that they were exculpatory. Rather, many of the listed documents were publicly available, not possessed by the government, or produced during discovery and reviewed by counsel, who, after consideration, made a strategic decision regarding how, if at all, to use them at trial. Townsend communicated his belief that these documents were the basis for an acquittal to Goodman, to which Goodman replied that the next step would be an appeal. Townsend ultimately decided to dismiss his appeal and seek relief under § 2255. These documents not only fail to demonstrate Townsend's innocence, but demonstrate that Townsend knew he was required to raise his claims on appeal.

As Townsend has not offered any evidence to demonstrate his innocence or that there is "cause" for the default and resulting prejudice, he is procedurally defaulted from raising these claims now.

B. Ineffective Assistance of Counsel Claim

Townsend also argues that his attorneys Leonard Goodman and Molly Armour, who represented Townsend at the preliminary hearing, arraignment and plea, trial, and sentencing, provided ineffective legal assistance. While Townsend also failed to raise his claim for ineffective assistance of counsel before the Seventh Circuit, such a claim is one of "constitutional error," *Guinan*, 6 F.3d. at 471, that may be raised under § 2255 even if the petitioner did not raise that issue in a direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).

4

A petitioner claiming ineffective assistance of counsel "bears a heavy burden." *United States v. Moya–Gomez,* 860 F.2d 706 (7th Cir.1988). The two-part standard adopted in *Strickland v. Washington*, for evaluating claims of ineffective assistance of counsel requires the petitioner to show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. 466 U.S. 668, 669, 104 S.Ct. 2052, 2055, 80 L.Ed.2d 674 (U.S.Fla., 1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted).

Townsend points to various strategic decisions made by counsel, that now, having been convicted, he challenges as ineffective. Petitioner supports his claim by pointing to certain arguments he believes should have been made, certain documents that should have been presented, and certain witnesses' testimony that should have been challenged as false. Townsend claims that his counsel induced Townsend not to present a case and deprived him of the opportunity to be heard. He fails, however, to present any evidence that the strategic choices made by counsel fell below an objective standard of reasonableness.

To the contrary, the email communications between Townsend and Goodman show that Townsend was in frequent contact with Goodman and asked advice on various aspects of the case. Townsend expressed how he wanted the case to proceed and Goodman provided insight based on his legal expertise. Even after the completion of the trial, Townsend expressed

satisfaction with the quality of his representation, stating, "wow that says a lot about my quality of representation" and continued to seek advice on various issues.

The email communications also reveal how Townsend's relationship with Goodman and Armour came to a close. Townsend first expressed his concern about potential *Brady* violations, ultimately raised in this petition by Townsend, to Goodman on October 15, 2013. Goodman advised any such issues should be raised on appeal. Townsend then indicated that he would "be preparing a complaint against the lenders with the Department of Justice," which Goodman advised would likely be futile. Townsend emailed Goodman his research on this theory on October 17, 2013, stating "I've considered your recommendation regarding this issue and my decision is to file for it based on my reasons only…we don't have to risk your defense strategy for appeal simply by not using it in request for the [appeal] bond." Shortly thereafter, on October 21, 2013, Townsend notified Goodman that he believed that his representation would "pose a conflict of interest in [his] pursuit of due process and fairness to prove my innocence in this case" and requested that he and Armour withdraw their representation. Throughout their representation, the uncontroverted evidence is that distinguished counsel, both of whom have appeared before this Court on numerous occasions, made reasonable strategic decisions which were discussed with and agreed to by Townsend, were diligent, and advocated zealously in their representation of Townsend. Because Townsend failed to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Morgan v. Hardy,* 662 F.3d 790, 697 (7th Cir. 2011) ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

Although our inquiry is satisfied, Townsend has also failed to establish a reasonable probability that, but for counsels' strategic decisions, which Townsend claims are unprofessional errors, the jury would not have found him guilty. Even if counsels' reasonable strategic decisions could be considered errors, to establish that errors caused prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," but that trial counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland,* 466 U.S. at 687, 693). Townsend cannot meet this burden, and he cannot prevail on a claim for ineffective assistance of counsel.

### III. Certificate of Appealability

Upon issuing a final order adverse to the applicant, this Court must issue or deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.*; *Gonzalez v. Thaler*, 132 S.Ct. 641, 649 n.5 (2012); *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Townsend must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Townsend has not established that a reasonable juror could debate that the Court should have resolved any of his claims for obstruction of justice, *Brady* violations, or ineffective assistance of counsel in a different manner. This is especially true for two reasons: (1) there is clear evidence that Townsend was aware, through the advice of counsel, that he should have

7

scrutiny appealed his claims through the Seventh Circuit Court of Appeals and chose not to do so; and (2) there is a strong presumption, unrebutted by evidence to the contrary, that counsel's performance falls within the wide range of reasonable professional assistance. *United States v. Torres-Chavez*, No. 14 C 9405, 2015 WL 508184, at *3-4 (N.D. Ill. Feb. 5, 2015) (citing *Johnson v. Thurmer,* 624 F.3d 786, 792 (7th Cir. 2010) ("It is well established that [the court's] of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient.")). Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## IV. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. This Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

The claims against me will be submitted to the Chief Judge and the Executive Committee to determine whether these claims should be heard by another judge of this Court.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: August 5, 2015